USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
   :
DRYWALL TAPERS AND POINTERS OF GREATER :
NEW YORK LOCAL UNION 1974, AFFILIATED :
WITH INTERNATIONAL UNION OF ALLIED   :   1:20-cv-00938-GHW
PAINTERS AND ALLIED TRADES, AFL-CIO,   :
   :
                                Petitioner,   :   MEMORANDUM OPINION
   :   AND ORDER
            -against-   :
   :
ATO CONTRACTING CORP.,   :
   :
                                Respondent.   :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

From July 23, 2019 to September 10, 2019, Respondent ATO Contracting Corp. ("ATO") failed to submit remittance reports in violation of a collective bargaining agreement. Pursuant to Section 301 of the Labor Management Relations Act and Section 9 of the Federal Arbitration Act, Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974 seeks to confirm an arbitration award obtained against Respondent. Because Petitioner has demonstrated that the arbitration proceeding was conducted in accordance with the parties' agreement, and was based on undisputed evidence, the Court confirms the award.

I.   BACKGROUND

Petitioner is the Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO. Declaration of John Drew ("Drew Decl."), Dkt. No. 10, ¶ 4. On June 28, 2017, Petitioner entered into a collective bargaining agreement with ATO (the "CBA"). *See id.* ¶ 6, *citing* Declaration of Lauren M. Kugielska ("Kugielska Decl."), Ex. B, Dkt. No. 3-2, CBA. Under Article XX of the CBA, ATO is required to make contributions to various funds on behalf of employees covered by the CBA for each weekly pay period, which the CBA refers to as a "remittance period." CBA Art. XX. For each of the

weekly pay periods covered, ATO must post a payroll report on the Drywall Tapers Insurance Fund's computer system.  *Id.*  These reports are referred to as "remittance reports."  Kugielska Decl., Ex. C, Dkt. No. 3-3, Trade Agreement (the "Trade Agreement"), Art. XIII.

The CBA contains a provision providing for the submission of disputes to the Local 1974 Joint Trade Board ("JTB") for final, binding arbitration.  CBA, Art XIV & ATO's signatory page.  The JTB consists of representatives from the Drywall Taping Contractors' Association of Greater New York and the Union.  Drew Decl. ¶ 2.  The JTB meets upon the request of either the union or an employer signatory to the CBA to provide for the enforcement of the terms of the CBA.  *Id.*.; CBA Art. XIV.  "The decisions and findings of the Joint Board, including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union."  CBA, Art XIV.  The JTB has "the power to summon before it and to question or examine any Employer signatory" to the CBA, and "to require to production of books, papers, or other evidence."  *Id.*  Article XIII Section 11 of the Trade Agreement contains a schedule of penalties for various violations of the CBA.  Drew Decl. ¶ 23; Trade Agreement Art. XIII.  This includes a penalty of $500 for each failure to submit a remittance report.  Trade Agreement Art. XIII Section 11 Violation 8.  The JTB applies this schedule in determining the appropriate penalty for a given violation.

A dispute arose when the Petitioner determined that Respondent had failed to submit remittance reports between July 23, 2019 and September 10, 2019, in violation of Article XX of the CBA.  *Id.* ¶ 7, *citing* CBA Art. XX.  Petitioner filed a demand for arbitration with the JTB because Respondent failed to submit remittance reports.  *Id.*, *citing* CBA Art. XIV & Art. XX; Trade Agreement Art. XIII Section 11 Violation 8; Kugielska Decl., Ex. D.  On October 9, 2019 Petitioner served a demand for arbitration on ATO and notified ATO that an arbitration hearing was scheduled for October 28, 2019 at 9:30 a.m.  *Id.*

On October 28, 2019, the JTB held a hearing and rendered a written award (the "Award"). *Id.* ¶¶ 8–9, *citing* Kugielska Decl., Ex. A. The JTB found that ATO violated the CBA by failing to submit remittance reports for the period from July 23, 2019 through September 10, 2019. *Id.* ¶ 8, *citing* Kugielska Decl., Ex A. The Award directs ATO to pay $4,000 in fines to JTB in accordance with the schedule of penalties set forth in the Trade Agreement. Drew Decl. ¶ 9; *citing* Kugielska Decl., Ex. A. Plaintiff notified ATO of the arbitration findings by letter sent via United States Postal Service on November 4, 2019. Drew Decl. ¶ 9, *citing* Board Decision and Award, Letter to Respondent re: Board Decision and Award, Kugielska Decl., Ex. E, Dkt. No. 3-5. ATO failed to comply with the terms of the award. Drew Decl. 11. On November 14, 2019, Plaintiff served a demand letter on ATO. *Id.* ¶ 10, *citing* Kugielska Decl., Ex. F.

On February 3, 2020, Petitioner filed this petition to confirm the arbitration award. Petition to Confirm Arbitration, Dkt. No. 1 at ¶ 13. Petitioner asks that the Court confirm the Award and direct judgment to be entered for Petitioner in the amount of $4,000.00. Petition at 4. The Court directed Petitioner to serve its motion and accompanying papers on ATO, and Petitioner did so on February 25, 2020. *See* Order, Dkt. No. 8; Certificate of Service, Dkt. No. 11. The Court set a briefing schedule, directing Respondent to file its opposition no later than March 25, 2020. Dkt. No. 8. Respondent neither appeared nor filed an opposition.

**II.   DISCUSSION**

"Section 301 of the Labor Management Relations Act [('LMRA')], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v.*

*1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

The scope of the Court's review of a final arbitration award under the LMRA is "very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute." *Id.* at 537. Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (noting that an arbitration award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case" and that "[o]nly a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award") (internal citations and quotations omitted).

Furthermore, "an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999); *see also Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.") (internal

4

quotation marks omitted). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *Gottdiener*, 462 F.3d at 109. Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, the unopposed evidence submitted by Petitioner shows Petitioner is entitled to confirmation of the award. There is no indication that Petitioner procured the arbitration award through fraud or dishonesty, or that the JTB was acting in disregard of the CBA or outside the scope of its broad authority to resolve any dispute between the parties regarding remittance reports. Rather, the record indicates that the JTB based its award on undisputed evidence that ATO failed to submit remittance reports, as required by the terms of Art. XX the CBA. The record also indicates that the JTB based the amount of the award on the penalty amount set forth in Art. XIII Section 11 Violation 8 of the Trade Agreement. Accordingly, Petitioner's motion and the award is confirmed.

## III. CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is GRANTED. The Clerk of Court is respectfully directed to enter judgment for Petitioner in the amount of $4,000.00.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: December 22, 2020

_____
GREGORY H. WOODS
United States District Judge